J-S10009-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MIZZON UNIQUE GRANDINETTI | : | |
| | : | |
| Appellant | : | No. 512 WDA 2023 |

Appeal from the Judgment of Sentence Entered August 9, 2022
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0000135-2021

BEFORE: OLSON, J., KING, J., and LANE, J.

CONCURRING MEMORANDUM BY LANE, J.:     **FILED: June 18, 2024**

I agree with the Majority's disposition of the issues presented on appeal by Mizzon Unique Grandinetti ("Grandinetti"). In particular, I concur that under the circumstances of this appeal, including the trial court's review of the sentencing factors under 18 Pa.C.S.A. § 1102.1(a) and Grandinetti's arguments, the trial court did not abuse its discretion in imposing a juvenile life without parole sentence.

Nevertheless, I write separately to recall the United States Supreme Court's discussion in ***Miller v. Alabama***, 567 U.S. 460 (2012), of "the great difficulty[, noted in ***Roper v. Simmons***, 543 U.S. 551 (2005), and ***Graham***

*v. Florida*, 560 U.S. 48 (2010),[1]] of distinguishing at [an] early age between 'the juvenile offender whose crime reflects unfortunate yet transient immaturity, and the *rare* juvenile offender whose crime reflects irreparable corruption.'" *Miller*, 567 U.S. at 479-80 (emphasis added). I also emphasize the Court's reasoning throughout this line of caselaw — that a state "must impose a sentence that provides some meaningful opportunity for release based on demonstrated maturity and rehabilitation," *Graham*, 560 U.S. at 75, that "appropriate occasions for sentencing juveniles to this harshest possible penalty[, of life without the possibility of parole], *will be uncommon*," and that a sentencing court must "take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Miller*, 567 U.S. at 480 (emphasis added).

I acknowledge that the High Court has since clarified that *Miller* does not require a trial court to make a finding of fact as to a juvenile's incorrigibility. *See Jones v. Mississippi*, 141 S. Ct. 1307, 1319 (2021). In *Commonwealth v. Felder*, 269 A.3d 1232 (Pa. 2022), the Pennsylvania Supreme Court stated that "[a]lthough [it] might prefer the more expansive

---

[1] *See Graham*, 560 U.S. at 82 (holding the Eighth Amendment prohibits a sentence of life without parole on juvenile offenders for non-homicide offenses); *see also Roper*, 543 U.S. at 578 (holding the Eighth Amendment forbids imposition of the death penalty on offenders who were under the age of eighteen when their crimes were committed).

view of *Miller* as seen through the lens of *Montgomery*," it acknowledged that *Jones* was "controlling as a matter of Eighth Amendment law." *Id*. at 1246. The *Felder* Court thus held *Jones* abrogated the prior Pennsylvania Supreme Court decision in *Commonwealth v. Batts*, 163 A.3d 410 (Pa. 2017) ("*Batts II*"), which set forth "procedural safeguards:" "a presumption against sentencing a juvenile to life without the possibility of parole which may only be rebutted beyond a reasonable doubt by proof from the Commonwealth 'that the juvenile offender is permanently incorrigible and thus is unable to be rehabilitated." *Felder*, 269 A.3d at 1234; *see also id*. at 1244 (stating that the Court was "left with no choice but to dissolve those procedural requirements in *Batts II* that are not constitutionally required"). Nevertheless, as we are bound by *Jones* and *Felder*, I am constrained to agree that in this particular case, where the trial court considered the relevant sentencing statutes, it did not abuse its discretion in sentencing Grandinetti to a lifetime sentence without parole. *See id*. at 1245 (holding that "[m]oving forward, the authority of a sentencing court to impose a life-without-parole sentence on a juvenile homicide offender is circumscribed only to the extent set forth in 42 Pa.C.S.[A.] §9721(b) and 18 Pa.C.S. §1102.1[A.], and by *Miller*'s command to 'consider the mitigating qualities of youth'").

I agree with the Majority with respect to Grandinetti's remaining issues.

For the foregoing reasons, I respectfully concur.

Judge King joins this Concurring Memorandum.

- 3 -